UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-----------------------------------------------------------X
WYCLIFFE H. ODONOGHUE,

                     Plaintiff,

   -against-

U.S. DEPARTMENT OF THE ARMY,

                     Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

12-CV-4959 (ENV)

VITALIANO, D.J.

      Plaintiff Wycliffe H. Odonoghue filed this *pro se* action against the United States Department of the Army on October 1, 2012 seeking payment of a $20,000 critical skills bonus allegedly promised to him when he enlisted in 1990. He requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the complaint is transferred to the United States Court of Federal Claims.

## BACKGROUND

      Plaintiff alleges that he enlisted in the United States Army on April 27, 1990. He asserts that he was entitled to a $20,000 enlistment bonus if he completed his "contractual obligation with the U.S. Army," stating that he fulfilled this obligation in 1998 but still has not received his bonus after multiple requests. Accordingly, he demands the immediate payment of $20,000 plus interest.

## DISCUSSION

On its face, the complaint does not properly invoke this Court's jurisdiction. Plaintiff names a federal agency, the Department of the Army, as the sole defendant, and his only alleged basis for jurisdiction is a Department of Defense regulation: Financial Management Regulation 7000.14-R, Volume 7A, Chapter 9: "Special Pay – Enlistment, Reenlistment, and Retention Bonus." "Absent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260-61, 119 S.Ct. 687 (1999)). Plaintiff has not articulated a specific basis for waiver of sovereign immunity in this instance. Moreover, while plaintiff styles his complaint as a breach of contract action,"the [government's] duty to pay the servicemen their bonuses is not contractual . . . [but] is dependent upon statutory right." *Favreau v. United States*, 317 F.3d 1346, 1356-57 (Fed. Cir. 2002).

Filed by a *pro se* pleader, the complaint must be liberally construed to raise the strongest case it suggests. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "The Tucker Act," 28 U.S.C. § 1491(a)(1), and "the Little Tucker Act," *id.* § 1346(a)(2), provide a limited waiver of sovereign immunity and establish federal jurisdiction over certain non-tort claims against the United States, including those "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." It is "settled law that claims for military pay and allowances are actionable under the Tucker Act." *Heisig v. United States*, 719 F.2d 1153, 1155 (Fed. Cir. 1983). *See, e.g., United States v. Larionoff*, 431 U.S. 864, 865 (1977) (affirming judgment in favor of

servicemembers who had brought a class action suit under 1346(a)(2) to recover payment of re-enlistment bonuses); *see also* DoD Financial Management Regulation 7000.14-R, Military Pay, Policy and Procedures, Vol. 7A, Chap. 9 (Aug. 2012) (describing program of enlistment bonuses for servicemembers); 37 U.S.C. § 331(a)-(b) (authorizing payment of enlistment bonuses and providing eligibility requirements).

Plaintiff requests a remedy of $20,000 in damages plus interest. But the Little Tucker Act, which grants jurisdiction to federal district courts, extends only to claims "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). By contrast, the Tucker Act does not bar claims above a given threshold, but limits a claimant's jurisdictional access to justice to the Court of Federal Claims. *Id.* § 1491(a)(1). Hence, a claim for more than $10,000 cannot survive in district court under either statute. *See Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004). However, "if it is in the interest of justice," a district court may transfer any such action to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, rather than dismiss it outright. *Id.* (citing *Waters v. Rumsfeld*, 320 F.3d 265, 272 n.8 (D.C. Cir. 2003)); *see also Santiago v. U.S. Army*, No. 04-cv-4882, 2005 WL 1250281, at *4 (E.D.N.Y. May 26, 2005)(transferring to the Court of Federal Claims a servicemember's *pro se* action contesting the Army's determination of her disability rating).

Accordingly, pursuant to 28 U.S.C. § 1631, this case is transferred to the Court of Federal Claims in the interest of justice,

## CONCLUSION

The Clerk of Court is respectfully directed, for the foregoing reasons, to transfer this case to the United States Court of Federal Claims. *See* 28 U.S.C. § 1631. A decision on plaintiff's

3

request to proceed *in forma pauperis* is reserved to that court. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith; thus, *in forma pauperis* status is denied for purpose of an appeal

The Clerk is further directed to administratively close the docket.

SO ORDERED.

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
       October 23, 2012